**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **NUMIC TECHNOLOGY, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO._____** |
| | § | |
| **v.** | § | |
| | § | |
| **BLU PRODUCTS, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.     This is an action for patent infringement in which Numic Technology, LLC ("Numic" or "Plaintiff") makes the following allegations against Blu Products, Inc. ("BLU" or "Defendant").

## PARTIES

2.     Plaintiff Numic Technology, LLC is a Texas limited liability company with a principal place of business at 1333 W. McDermott Drive, Suite 241, Allen, Texas 75013. Plaintiff's president is Daniel F. Perez.

3.     On information and belief, BLU is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 10814 N.W. 33rd Street, Building 100, Miami, Florida, 33172.  BLU may be served with process by serving the Texas Secretary of State located at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.

## JURISDICTION AND VENUE

4.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing acts of patent infringement in this district.

6.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 5,666,159

7.      Plaintiff incorporates by reference paragraphs 1–6 as if fully set forth herein.

8.      Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 5,666,159 ("the '159 Patent") entitled "Electronic Camera System With Programmable Transmission Capability" – including all rights to recover for past and future acts of infringement. The '159 Patent issued on September 9, 1997. A true and correct copy of the '159 Patent is attached as Exhibit A.

9.      On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that,

when used by their intended users in their intended manner or as designed by BLU, infringe(d) one or more claims of the '159 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU.  The BLU infringing systems include a smartphone or tablet that includes an electronic camera system that enables a holder of a BLU portable smartphone or tablet to selectively transmit data of one or more images to one or more receiver units.  The BLU infringing systems comprise imaging means for generating digital image data, storing the data, displaying the data, selecting a means for selection of one or more receiver units to receive the data, a radio-frequency receiver for receiving a mode signal from the base receiver unit selected by the user indicating the type of transmission that can be received, and the means to convert the data to standardized digital image data corresponding to the type of transmission.  The BLU infringing systems include a transceiver that connects to a standard telephone system connection and to several base receiver units.  The BLU infringing smartphones or tablets include a memory unit that stores phone numbers.  BLU thus infringes one or more claims of the '159 Patent.  Therefore, BLU is liable for infringement of the '159 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

### COUNT 2:  INFRINGEMENT OF U.S. PATENT NO. 5,969,698

10.    Plaintiff incorporates by reference paragraphs 1–9 as if fully set forth herein.

11.    Plaintiff is the owner by assignment of United States Patent No. 5,969,698 ("the '698 Patent") entitled "Manually Controllable Cursor and Control Panel in a Virtual Image" – including all rights to recover for past and future acts of infringement. The '698 Patent issued on October 19, 1999. A true and correct copy of the '698 Patent is attached as Exhibit B.

12.    On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale

products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that, when used by their intended users intended manner or as designed by BLU, infringe(d) one or more claims of the '698 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU.  The BLU infringing systems are smartphones or tablets that include portable electronics equipment with a virtual display for producing a manually controllable virtual cursor image viewable in the display when activated, a virtual control panel image, including alpha-numeric keys and operable with the virtual cursor image, connected to operate the portable electronic equipment.  The BLU infringing systems include a display comprising a portable communication receiver, and a miniature virtual image display electrically connected to the portable communications receiver with a viewing aperture that generates a real image, including a control panel image, an alpha-numeric key image, and a manually controllable cursor image.  The BLU infringing systems also include externally accessible controls connected to the cursor electronics for controlling the position and function of the cursor image and an optical system to receive an image.  The BLU infringing systems generate an image with a plurality of pixels positioned in rows and columns, which pixels include at least one semiconductor light generating device on a single semiconductor substrate.  The BLU infringing systems produce a real image in accordance with signals received from the portable communication receiver.  BLU thus infringes one or more claims of the '698 Patent.  Therefore, BLU is liable for infringement of the '698 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 5,943,603

13.     Plaintiff incorporates by reference paragraphs 1–12 as if fully set forth herein.

14.     Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 5,943,603 ("the '603 Patent") entitled "Electronic Camera System with Programmable Transmission Capability" – including all rights to recover for past and future acts of infringement. The '603 Patent issued on August 24, 1999. A true and correct copy of the '603 Patent is attached as Exhibit C.

15.     On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that, when used by their intended users intended manner or as designed by BLU, infringe(d) one or more claims of the '603 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU.  The BLU infringing systems include an electronic camera system that enables a holder of a BLU portable smartphone or tablet to selectively transmit data of one or more images to one or more receiver units.  The BLU infringing systems comprise a portable computer including a display screen and a data entry device, a camera module coupled to the portable computer, which includes an electronic image sensor for generating digital image data, and a radio-frequency transmitter and receiver that supplies to the portable computer the image for display, and the user of the BLU

portable smartphone or tablet can select one or multiple receiver units to receive the image data. The BLU portable smartphone or tablet receives a mode signal indicating a type of transmission that can be received and converts the image data to standardized digital image corresponding to the type of transmission that can be received by the selected unit and supplied by the portable computer to the radio-frequency transmitter for transmission.  The BLU infringing systems include a radio-frequency transmitter module formed integral with the portable computer, and is detachably coupled to the portable computer, and comprises a cellular transceiver.  BLU thus infringes one or more claims of the '603 Patent.  Therefore, BLU is liable for infringement of the '603 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

### COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 6,600,510

16.    Plaintiff incorporates by reference paragraphs 1–15 as if fully set forth herein.

17.    Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 6,600,510 ("the '510 Patent") entitled "Transmitting Digital Images to a Plurality of Selected Receivers Over a Radio Frequency Link" – including all rights to recover for past and future acts of infringement. The '510 Patent issued on July 29, 2003. A true and correct copy of the '510 Patent is attached as Exhibit D.

18.    On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that, when used by their intended users intended manner or as designed by BLU, infringe(d) one or

more claims of the '510 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU.  The BLU infringing systems are smartphones or tablets that include an electronic camera system that enables a holder of a BLU portable smartphone or tablet to selectively transmit data of one or more images to one or more receiver units over a radio frequency link.  The BLU infringing systems comprise a handheld digital camera including an image sensor for capturing at least one image, an A/D convertor for producing digital image data, a memory for storing the image data, and a transceiver for transmitting the stored digital image data via radio frequency.  The BLU infringing systems capture an image using the image sensor, store the image, select one or more receiver units to receive the image, transmit the image to selected receiver units, and receive transmitted images.  Images can be shared from the device to at least two different receiver units simultaneously.  The BLU infringing systems include handheld digital cameras with a display screen to display the image and the receiver units.  The stored digital image data is JPEG compressed and the transceiver is a cellular telephone transceiver.   BLU thus infringes one or more claims of the '510 Patent.  Therefore, BLU is liable for infringement of the '510 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT 5: INFRINGEMENT OF U.S. PATENT NO. 6,731,952

19.     Plaintiff incorporates by reference paragraphs 1–18 as if fully set forth herein.

20.     Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 6,731,952 ("the '952 Patent") entitled "Mobile Telephone System Having a Detachable Camera / Battery Module" – including all rights to recover for past and future acts of infringement. The '952 Patent issued on May 4, 2004. A true and correct copy of the '952 Patent is attached as Exhibit E.

21.     On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that, when used by their intended users intended manner or as designed by BLU, infringe(d) one or more claims of the '952 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU.  The BLU infringing systems are smartphones or tablets that include a handheld mobile telephone systems including a detachable camera/battery module for capturing images and communicating, and are comprised of a detachable camera/battery module, including a lens for focusing light to produce an image, an image sensor for capturing one or more images, a converter for producing digital image signals from at least one captured image, a battery for supplying power to the mobile telephone system, and a first connector to detachably supply the digital image signals and power to the mobile telephone.  The BLU infringing systems include memory for storing the digital image signals, a processor for processing the stored digital image signals, a display for displaying the processed digital image signals, a second connector for interfacing with the first connector on the camera/battery module to receive the digital image signals and the power, and a radio frequency transmitter for transmitting the processed digital image signals to receiving units.  The BLU infringing systems include handheld mobile smartphones or tablets that include a telephone keypad used to capture an image and are operable in an image capture mode and an

audio mode.  The BLU infringing handheld mobile telephone system compress the digital image signals prior to transmission and have a rechargeable battery.  BLU thus infringes one or more claims of the '952 Patent.  Therefore, BLU is liable for infringement of the '952 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT 6: INFRINGEMENT OF U.S. PATENT NO. RE41,542

22.     Plaintiff incorporates by reference paragraphs 1–21 as if fully set forth herein.

23.     Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. RE41,542 ("the '542 Patent") entitled "Cellular Telephone and Electronic Camera System with Programmable Transmission Capability" – including all rights to recover for past and future acts of infringement. The '542 Patent issued on August 17, 2010. A true and correct copy of the '542 Patent is attached as Exhibit F.

24.     On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that, when used by their intended users intended manner or as designed by BLU, infringe(d) one or more claims of the '542 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU.  The BLU infringing systems are smartphones or tablets that include a portable handheld telephone system for selectively communicating with a telephone keypad for selecting a receiving unit, an image

sensor for capturing image data, a memory for storing the captured image data, a control processor responsive to an image transmission mode signal to indicate a type of image transmission for a receiving unit for converting the stored image data, and a portable transceiver/receiver including an antenna for transmitting the converted image data.  The BLU infringing systems include portable handheld telephone systems with memory that can store a number of captured images and phone numbers, and includes a flash.  BLU thus infringes one or more claims of the '542 Patent.  Therefore, BLU is liable for infringement of the '542 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT 7: INFRINGEMENT OF U.S. PATENT NO. 7,952,616

25.     Plaintiff incorporates by reference paragraphs 1–24 as if fully set forth herein.

26.     Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,952,616 ("the '616 Patent") entitled "Transmitting Digital Images to a Plurality of Selected Receivers Over a Radio Frequency Link" – including all rights to recover for past and future acts of infringement. The '616 Patent issued on May 31, 2011. A true and correct copy of the '616 Patent is attached as Exhibit G.

27.     On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that, when used by their intended users intended manner or as designed by BLU, infringe(d) one or more claims of the '616 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States. Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU. The BLU infringing systems are smartphones or tablets that include an electronic camera system that enables a holder of a BLU portable smartphone or tablet to selectively transmit data of one or more images to one or more receiver units. The BLU infringing systems comprise a method for transmitting an image from a handheld electronic camera to a plurality of receiver units using an image sensor for capturing an image, an A/D converter for producing digital image data, a display screen for displaying the captured image, a memory for storing the digital image data, and a transceiver for transmitting the stored digital image data using different transmission frequency bands to at least two different receiver units. The BLU infringing systems transmit the stored digital image data over a radio frequency transmission that uses a link to the first of the selected receivers, and a second receiver by using a different transmission frequency from the first. The BLU infringing systems convert the stored digital image data to an appropriate format prior to transmission to at least one receiver, displays a menu for selecting the receiver on a display screen, and compresses the stored digital image data prior to transmission in JPEG. The BLU infringing systems include a handheld telephone and/or camera device. BLU thus infringes one or more claims of the '616 Patent. Therefore, BLU is liable for infringement of the '616 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT 8: INFRINGEMENT OF U.S. PATENT NO. 8,736,694

28. Plaintiff incorporates by reference paragraphs 1–27 as if fully set forth herein.

29. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 8,736,694 ("the '694 Patent") entitled "Transmitting Digital Images to A Plurality of Selected Receivers Over a Radio Frequency Link" – including all rights to recover for past and future acts of infringement. The '694 Patent issued on May 27, 2014. A true and correct copy of the '694 Patent is attached as Exhibit H.

30.     On information and belief, BLU directly or through intermediaries, including its distributors, employees, divisions, branches, subsidiaries, parents, suppliers and/or customers, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including, but not limited to, BLU's smartphones and tablets, including at least, but not limited to, Windows smartphones including WIN Series; Android smartphones including PURE Series, STUDIO Series, LIFE Series, VIVO Series, TOUCHBOOK Series, DASH Series, ADVANCE Series, ENERGY Series, NEO Series, and SPECIALTY Series; and Feature smartphones including models of DIVA, JENNY, Z3, ZOEY, TANK, JANET) that, when used by their intended users intended manner or as designed by BLU, infringe(d) one or more claims of the '694 Patent in the State of Texas, in this judicial district, and elsewhere in the United States.   Without limiting or waiving Plaintiff's right to later amend or supplement its Complaint, BLU's infringing systems are advertised and marketed generally by BLU.  The BLU infringing systems are smartphones or tablets that are image capturing devices comprising an image capture mechanism, a display, a selection mechanism, a processor and a memory configured to store at least one digital image, cause a transmission selection menu to be displayed on the display, and allow a user to select at least one or more receiving units, generate a header corresponding to the receiving unit to receive an image, and cause the header and at least one or more images to be transmitted by the device to a cellular transceiver.  The BLU infringing systems transmit one digital image either via a single frequency for all receiving units or via a unique frequency for each receiving unit.   The BLU infringing systems include smartphones or tablets with an image capture device wherein the image is compressed by the processor, prior to transmission, to JPEG, and displays at least one digital image on the display simultaneously with the transmission selection menu.   The BLU infringing systems image capture comprises a display with touch sensitive screen responsive to an operation of touch, including a transmission selection menu on the display to enable a selection of one or more

receiving units generating one or more header identifiers (IDs) corresponding to one or more receiving units to receive the digital image, and transmit to a cellular transceiver at least one digital image for distribution to the one or more receivers via a single frequency for all receiving units or via a unique frequency for each receiving unit.  The BLU infringing systems include a non-transitory computer-readable medium having instructions stored thereon, that when executed by a computing device, causes the device to perform operations, including storing captured images in memory, a display, a selection mechanism, and a processor.  BLU thus infringes one or more claims of the '694 Patent.  Therefore, BLU is liable for infringement of the '694 Patent.

## DEMAND FOR JURY TRIAL

31.     Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment ruling as follows:

1.      A judgment in favor of Plaintiff that Defendant has infringed the '159, '698, '603, '510, '952, '542, '616, and '694, Patents;

2.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from the infringement of the '159, '698, '603, '510, '952, '542, '616, and '694, Patents;

3.      A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '159, '698, '603, '510, '952, '542, '616, and '694, Patents as provided under 35 U.S.C. § 284;

4.      An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this Complaint, as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiff may show itself entitled.


DATED:        January 25, 2016.


                                      Respectfully submitted,

                                      **CHALKER FLORES, LLP**


                                      By: _____

                                          Daniel J. Chalker
                                          State Bar Number 00794951
                                          dchalker@chalkerflores.com
                                          *Lead Counsel*

                                          Edwin S. Flores
                                          State Bar Number 00798179
                                          eflores@chalkerflores.com

                                          14951 N. Dallas Parkway
                                          Suite 400
                                          Dallas, Texas 75254
                                          (214) 866-0001
                                          (214) 866-0010 (Fax)

                                      *Attorneys for Plaintiff, Numic Technology, LLC*

COMPLAINT FOR PATENT INFRINGEMENT- PAGE - 14